UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EDVIN JAKOBSEN, *Individually and On Behalf*
*of All Others Similarly Situated,*

       Plaintiffs,

   -against-

APHRIA, INC., and VICTOR NEUFELD,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      MEMORANDUM DECISION
      AND ORDER

      18 Civ. 11376 (GBD)

GEORGE B. DANIELS, United States District Judge:

  Before this Court are four securities fraud class action suits against Aphria, Inc. ("Aphria") and certain of its officers and directors (collectively, "Defendants"). *Jakobsen v. Aphria Inc., et al.*, No. 18 Civ. 11376 (GBD); *Gloschat v. Aphria Inc., et al.*, No. 18 Civ. 11427 (GBD); *Curkan v. Aphria Inc., et al.*, No. 18 Civ. 11428 (GBD); *Florence v. Aphria Inc., et al.*, No. 18 Civ. 11453 (GBD). Plaintiffs in all cases allege that Defendants made materially false and misleading statements, and failed to disclose material adverse facts about Aphria's business, operations, and prospects in Latin America, which caused a stark decline in stock price when discovered. Putative class members Shawn P. Cunix ("Cunix"), as well as Peter Wan, Simon Kearney, William Goeseke, Janos Demko, and Jeffrie Rine ("the Wan Group"), move to consolidate the four actions currently pending before this Court and to be appointed lead plaintiffs. For the reasons articulated below, this Court consolidates the actions, appoints Cunix as lead plaintiff, and approves his selection of lead counsel.

**1. The Actions Are Consolidated.**

  All movants seek consolidation of these actions, and this Court has received no objection to these requests. The Federal Rules of Civil Procedure allow a district court to consolidate actions

involving "a common question of law or fact." Fed. R. Civ. P. 42(a). Indeed, district courts have "broad discretion to determine whether consolidation is appropriate," weighing "considerations of judicial economy" against "a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990). "In securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law or fact." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)).

Here, consolidation is clearly appropriate because all four cases involve "substantially identical questions of law and fact." *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014). Each of the four complaints allege that Aphria as well as some of its officers and directors made false statements and misrepresentations about its business, operations, and prospects in Latin America between July 17, 2018 and December 4, 2018. (*See* Class Action Compl. for Viol. of the Fed. Sec. Laws ("Jakobsen Compl."), 18 Civ. 11376, ECF No. 1, ¶¶ 17–23; Class Action Compl. ("Gloschat Compl."), 18 Civ. 11427, ECF No. 1, ¶¶ 28–60; Compl. for Viol. of the Fed. Sec. Laws ("Curkan Compl."), 18 Civ. 11428, ECF No. 1, ¶¶ 13–33; Class Action Compl. for Viol. of Fed. Sec. Laws ("Florence Compl."), 18 Civ. 11453, ECF No. 1, ¶¶ 18–30.) Moreover, the complaints assert the same claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and they name ostensibly the same defendants.[1] (*See* Jakobsen Compl. ¶¶ 42–56; Gloschat Compl. ¶¶ 70–85; Curkan Compl. ¶¶ 48–55; Florence Compl. ¶¶ 40–55.) Accordingly, these four actions—as well as any other similarly related class action against Aphria hereafter filed in, or transferred to, this Court—are consolidated.

---

[1] All the complaints name Aphria and Victor Neufeld, its Chairman and Chief Executive Officer ("CEO"), as defendants. The Gloschat, Curkan, and Florence complaints also name Carl Merton, Aphria's Chief Financial Officer ("CFO"), as a defendant.

The actions shall be referred to collectively as *In re: Aphria, Inc. Securities Litigation*, No. 18 Civ. 11376 (GBD) (the "Consolidated Aphria Class Action"). The Clerk of the Court shall file a copy of this Order in the separate file for each of the above-referenced Aphria class action cases. Unless otherwise ordered by this Court, future filings in any Aphria class action herein consolidated shall be filed and docketed only under docket number 18 Civ. 11376 (GBD). All counsel who have entered appearances in the above-referenced Aphria class action cases shall be deemed to have entered an appearance in the Consolidated Aphria Class Action under docket number 18 Civ. 11376 (GBD). Counsel is directed to alert the Clerk of Court to the filing or transfer of any case that might properly be consolidated as part of this litigation.

## 2. The Wan Group's Motion for Appointment As Lead Plaintiffs Is Denied.

The Wan Group's members move to be appointed jointly as lead plaintiffs. (*See* Mem. of Points and Auth. in Supp. of Mot. of Peter Wan, William Goeseke, Simon Kearney, Janos Demko, and Jeffrey Rine for the Consolidation of Related Actions, Appointment as Lead Pls. and Approval of Lead Counsel ("Wan Group Mem."), ECF No. 34, at 3.) A group of investors is permitted to serve jointly as lead plaintiffs in a securities class action under very limited circumstances, and only "if such a grouping would best serve the class." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). To determine if a proposed plaintiff group is appropriate as lead plaintiffs, courts consider "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Id.*

The proposed plaintiff group has the burden of showing that aggregation is appropriate pursuant to the *Varghese* factors. *See Int'l Union of Operating Engineers Local No. 478 Pension Fund v. FXCM Inc.*, 15 Civ. 3599 (KMW), 2015 WL 7018024, at *3 (S.D.N.Y. Nov. 12, 2015);

*accord Varghese*, 589 F. Supp. 2d at 392. "The overarching concern is whether the related members of the group can function cohesively and effectively manage the litigation apart from their lawyers." *Nakamura v. BRF S.A.*, 18 Civ. 2213 (PKC), 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) (citing *Int'l Union of Operating Engineers*, 2015 WL 7018024, at *2). A proposed plaintiff group cannot be appointed lead plaintiff if it was "assembled as makeshift by attorneys" to claim the greatest financial interest in the litigation. *Varghese*, 589 F. Supp. 2d at 392–93.

Here, the Wan Group fails to meet its burden of showing that aggregation is appropriate. As a preliminary matter, its members offer no evidence that they all have a pre-litigation relationship. The Wan Group instead offers mere one-line statements by three of the five members—Kearney, Demko, and Rine—that "[each has] a relationship with [the other two] that predates this litigation." (Joint Decl. of Peter Wan, William Goeseke, Simon Kearney, Janos Demko, and Jeffrie Rine ("Joint Decl."), ECF No. 67-1, at ¶¶ 4–6.) These statements "offer no specifics as to their history of business collaboration and how it positions them to advance the interests of the class." *Nakamura*, 2018 WL 3217412, at *3. Not only are these statements wholly conclusory, they fail to assert any pre-litigation relationship with the other two members of the Wan Group—Wan and Goeseke. The Wan Group's members' failure to provide enough evidence of a pre-litigation relationship thus strongly suggests that their lawyers arranged the group. In this district, "[a]llowing lawyers to combine otherwise unrelated entities as joint lead plaintiffs would encourage the lawyers to drive the litigation." *In re Ply Gem Holdings Inc., Sec. Litig.*, 14 Civ. 3577 (JPO), 2014 WL 12772081, at *2 (S.D.N.Y. Oct. 14, 2014); *see also In Re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("Congress hoped that the lead plaintiff would seek the lawyers, rather than the lawyer seek the lead plaintiff."). Accordingly, because the Wan Group's members are unrelated investors without a pre-litigation relationship, they may not be jointly appointed as lead plaintiffs.

Although the Wan Group's members are not required to demonstrate that they all had a pre-litigation relationship, "courts have typically required that plaintiffs lacking such a relationship present a more compelling showing as to their fitness for the position" to abate any "concern that [the] group has simply been 'cobbled together' for the purpose of achieving the lead plaintiff designation." *Elstein v. Net1 UEPS Technologies, Inc.*, 14 Civ. 9100 (ER), 2014 WL 3687277, at *5 (S.D.N.Y. July 23, 2014). The Wan Group fails to make such a showing under the remaining *Varghese* factors.

First, the Wan Group's members barely allege any involvement in the litigation thus far. Their joint declaration simply says that "counsel appraised us of the responsibilities of a lead plaintiff, and we agreed to file a joint motion for appointment as lead plaintiff and to propose the law firm of Glancy Prongay & Murray LLP ("GPM") as lead counsel for the class." (Joint. Decl. ¶ 7.) They also apparently "reviewed *a* complaint alleging securities fraud claims against the defendants and discussed the merits of the case and [their] losses with [their] counsel."[2] (*Id.* at ¶ 11.) Accordingly, the Wan Group's involvement in the litigation thus far appears to be minimal. *Varghese*, 589 F. Supp. 2d at 392.

Second, the "plans for cooperation" described in the Wan Group's joint declaration are vague and conclusory. For example, they state that they "discussed further on a conference call the respective responsibilities of counsel and the lead plaintiff, including a protocol for maintaining in regular contact with each other and with counsel to ensure that the group incorporates an effective and efficient method of decision-making during the course of the litigation." (Joint. Decl. ¶ 8.) The Wan Group's members also commit to "the zealous prosecution of this case," including attendance at deposition and trial, and "to exercise joint decision-making and to work together if

---

[2] It is unclear from the joint declaration which of the four above-referenced complaints was reviewed by the members of the Wan Group. (Joint Decl. ¶ 11.)

-5-

appointed in this action to fairly and adequately protect the interests of the class. [The Wan Group] will also have periodic calls with counsel . . . [] if necessary, to discuss the status of the litigation and ensure its proper prosecution." (*Id.* ¶¶ 13–14.) These boilerplate assurances are "insufficient proof that a group of unrelated investors will be able to effectively manage the litigation." *Int'l Union of Operating Engineers*, 2015 WL 7018024, at *4; *see also Nakamura*, 2018 WL 3217412, at *3 ("joint conference calls" and alleged "established procedures for overseeing the progress of the litigation and communicating regularly between [a group of unrelated investors] and [their] counsel" is insufficient evidence of planned cooperation); *Micholle v. Ophthotech Corp.*, 17 Civ. 210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) ("conclusory assurances" are insufficient to show that an unrelated group of investors can manage the litigation effectively).

Third, the joint declaration "does not explain the [Wan Group's] business expertise, educational background, management experience, or history of monitoring or participating in litigation." *Nakamura*, 2018 WL 3217412, at *4. Absent this information, there is no evidence that the Wan Group's members have the requisite sophistication to effectively prosecute this action as unrelated lead plaintiffs.

Fourth, and most importantly, the joint declaration is silent on whether "[the Wan Group's members] formed this group independent of counsel." *Int'l Union of Operating Engineers*, 2015 WL 7018024, at *4. In fact, the joint declaration suggests otherwise when it states that the Wan Group's members consulted their counsel "*before* the Motion was filed on [their] behalf." (Joint. Decl. ¶ 7 (emphasis added).) This statement underlines that the individual members of the Wan Group selected their counsel before coming together as a group, which means that they "have failed to meet their evidentiary burden to prove that their grouping was not the product of lawyer-driven litigation." *Int'l Union of Operating Engineers*, 2015 WL 7018024, at *4. This weighs heavily against the Wan Group's motion because Congress intended plaintiffs, and not their

lawyers, to drive securities class actions under the Private Securities Litigation Act of 1995 ("PSLRA"). *See In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. at 158 (in enacting the PSLRA, "Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff").

For the foregoing reasons, this Court concludes that the Wan Group's members fail to meet their burden of showing that aggregating them as lead plaintiffs is appropriate, and therefore their motion for appointment as lead plaintiffs is DENIED.[3]

### 3. Cunix's Motion For Appointment As Lead Plaintiff Is Granted.

Of the movants, Cunix is "the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PLSRA, there is a rebuttable presumption that the appropriate lead plaintiff is the "person or group of persons that (1) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i), (2) . . . has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). Other class members may rebut this presumption by showing that "the presumptively most adequate plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

Cunix provides enough evidence to support the presumption that he is the most appropriate lead plaintiff. First, he moved to be appointed lead plaintiff on February 4, 2019, less than 60 days after counsel for Edvin Jakobsen, who filed the first complaint, published a press release on

---

[3] There are no separate motions to appoint any member of the Wan Group as lead plaintiff on an individual basis. As such, this Court does not consider whether each individual member of the Wan Group could be appointed as lead plaintiff.

Business Wire announcing this securities class action against Aphria on December 7, 2018.[4] (*See* Mem. of Law in Supp. of Mot. of Shawn P. Cunix for Consolidation for the Actions, Appointment as Lead Pl., and Approval of Selection of Counsel ("Cunix Mem."), ECF No. 30, at 6–7.)

Second, Cunix claims that he is the shareholder with the greatest financial loss resulting from Aphria's alleged securities fraud, totaling $537,750.00. (Mem. of Law in Supp. of Shawn P. Cunix in Opp. to the Competing Mots. For Appointment as Lead Pl., and Approval of Selection of Counsel ("Cunix Opp."), ECF No. 68, at 8–15.)  To support this claim, he provides a chart of his transactions in Aphria stock during the class period that reflects his total losses. (*See* Decl. of Adam Apton in Supp. of the Mot. of Shawn P. Cunix for Consolidation of the Actions, Appointment as Lead Pl., and Approval of Selection of Counsel ("Apton Decl."), ECF No. 31, Ex. B.)  Total financial loss "is the most important element" in determining which plaintiff has the "largest financial interest" pursuant to the PLSRA.  *See Varghese*, 589 F. Supp. 2d at 395. Accordingly, Cunix has the greatest financial interest in the litigation because he has the greatest financial loss resulting from Aphria's alleged securities fraud.[5]

Finally, Cunix makes a preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23. *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated

---

[4] The PLSRA provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. 78u-4(a)(3)(A)(i)(II).

[5] The Wan Group's members allege that their aggregate total losses are higher than Cunix's, totaling $1,501,176. (*See* Lead Pl. Movants Peter Wan, William Goeseke, Simon Kearney, Janos Demko, and Jeffrie Rine's Mem. of Law In Opp. to the Competing Mots. For Appointment As Lead Pl. and Approval of Lead Counsel ("Wan Group Opp."), ECF No. 67, at 4.)  However, only Wan claims that he has a slightly greater loss than Cunix, depending on how one calculates it, totaling $671,612. But this Court need not consider this argument because it has already been determined that the Wan Group's members cannot serve jointly as lead plaintiffs, since the group contains unrelated investors who fail to show that aggregating their claims is in the best interest of the class.

action need only make a preliminary showing that it satisfies the typicality[6] and adequacy[7] requirements of Rule 23.") (quotations omitted). Cunix's claims appear to be typical because, like all members of the class, he alleges that he purchased Aphria stock during the class period and suffered losses after it was discovered that Aphria's misleading statements artificially inflated its stock price during that period. (*See* Cunix Mem. at 8); *see also, In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 102 ("Members of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price; the Adib Group makes the same claim. The Adib Group therefore meets the Rule 23 typicality requirement for the purpose of the lead plaintiff inquiry.") It also appears that Cunix will fairly and adequately represent the proposed class because he has selected qualified and experienced counsel, there is no known conflict between him and the other putative members of the class, and his significant financial losses ensure that he will vigorously prosecute this case. (*See* Cunix Mem. at 9.); *see also Nakamura*, 2018 WL 3217412 at *4 ("[Movant] has preliminarily shown that it would fairly and adequately represent the proposed class because it has no known conflict with the class members, has a sufficient interest in the outcome to insure vigorous advocacy and has selected qualified and experienced counsel.")

For the foregoing reasons, this Court appoints Cunix as lead Plaintiff.

## 4. Levi & Korsinsky LLP Is Appointed Lead Counsel.

Under the PLSRA, "the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."

---

[6] "One or more members of the class may sue or be sued as representative parties on behalf of all members only if . . . the claims or defenses of the representative parties are *typical* of the claims or defenses of the class." Fed R. Civ. P. 23(a)(3).

[7] "One or more members of the class may sue or be sued as representative parties on behalf of all members only if . . . the representative parties will *fairly and adequately* protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

*Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). In this case Cunix selected Levi & Korsinsky LLP, whose "resume indicates that it has extensive experience in the field of securities litigation, and that it has successfully prosecuted numerous securities fraud class actions." *Id*; (*see also* Apton Decl., Ex. D.) Therefore, this Court concludes that this firm "is qualified, experienced, and generally able to conduct the litigation" and approves Cunix's selection. *Maliarov v. Eros Int'l PLC*, 15 Civ. 8956 (AJN), 2016 WL 1367246, at *6 (S.D.N.Y. Apr. 5, 2016).

### 5. Conclusion.

The Wan Group's motion for appointment as lead plaintiff, ECF No. 33, is DENIED.

Plaintiff Shawn P. Cunix's motion for consolidation of the actions, appointment as lead plaintiff, and approval of selection of lead counsel, ECF No. 29, is GRANTED.

Dated: March 27, 2019
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge