**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 8 2021

IN RE APHRIA, INC. SECURITIES LITIGATION

MEMORANDUM DECISION
AND ORDER

18 Civ. 11376 (GBD)

------------------------------------------x

GEORGE B. DANIELS, United States District Judge:

Lead Plaintiffs Shawn Cunix and Elizabeth Alexander ("Plaintiffs") bring this action against Defendants Aphria Inc. ("Aphria"); Victor Neufeld; Carl Merton; Cole Cacciavillani; John Cervini; Andrew Defrancesco; (collectively, the "Individual Defendants"); and SOL Global Investments Corp., formerly known as Scythian Biosciences Corp. ("Scythian"), asserting claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b), as well as Section 20(a). (Am. Compl. for Violation of the Fed. Security Laws ("AC"), ECF No. 81.)

On September 30, 2020, this Court denied Defendants Neufeld, Merton, and Aphria's motion to dismiss the AC pursuant to Rules 9(b), 12(b)(6), and the PSLRA, (ECF No. 110); granted Defendants Cacciavillani and Cervini's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), (ECF No. 110); and granted Defendant DeFrancesco's motion to dismiss, (ECF No. 108), pursuant to Rule 9(b), 12(b)(6), and the PSLRA, ("Sept. 30 Order" (ECF No. 108); *see In re Aphria, Inc. Sec. Litig.*, No. 18 Civ. 11376 (GBD), 2020 WL 5819548 (S.D.N.Y. Sept. 30, 2020).)

Plaintiffs now move for reconsideration of this Court's decision to grant Defendant DeFrancesco's motion to dismiss, or in the alternative, request leave to amend their AC. (*See* Notice of Mot., ECF No. 139, *see also* Pls.' Mem. in Supp. of Mot. for Recons. ("Pls. Recons.

1

Mem."), ECF No. 140.) Additionally, Defendants Neufeld, Merton, and Aphria move for reconsideration of this Court's decision to deny their motion to dismiss. (*See* Notice of Mot., ECF No. 142, *see also* Defs.' Mem. in Supp. of Mot. for Recons. ("Defs. Recons. Mem."), ECF No. 143.) Plaintiffs' and Defendants' motions for reconsideration are DENIED.[1] Plaintiffs are granted leave to propose an amended complaint by letter application indicating why such an amendment would not be futile.

## I. LEGAL STANDARD

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted); *see also* Local Civ. R. 6.3 (providing that movant must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is, however, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.

---

[1] A complete factual background is set forth in *In re Aphria, Inc. Sec. Litig.*, 2020 WL 5819548. Familiarity with the Court's prior decision is assumed.

2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## II.  PLAINTIFFS' MOTION FOR RECONSIDERATION IS DENIED

Plaintiffs argue that the Court overlooked their claims made pursuant to Rule 10b-5(a) and (c), alleging Defendant DeFrancesco's scheme liability. (Pls. Recons. Mem. at 7.) Plaintiffs, however, improperly raised those claims for the first time in their opposition to Defendant DeFrancesco's motion to dismiss. (Pls. Opp. Mo. To Dismiss at 13-15.) Indeed, Plaintiffs concede in their present motion that they inadvertently made a "typographical error" when they only asserted a claim for "[v]iolation of . . . Rule 10b-5(b)" in the AC. (Pls. Recons. Mem. at 1–2, 7–8.)[2] Moreover, that count of the complaint (Count I) does not reference Defendant DeFrancesco or the Individual Defendants. Thus, Plaintiffs' improper pleading did not state a claim for scheme liability against Defendant DeFrancesco. No properly asserted claim was overlooked or disregarded.[3] Accordingly, a motion for reconsideration in this context does not lie. Plaintiffs' motion for reconsideration is DENIED.

## III.  DEFENDANTS' MOTION FOR RECONSIDERATION IS DENIED

Defendants argue that the Court (1) disregarded the Individual Defendants' acquisition of Aphria shares and, thus, failed to consider non-culpable inferences of scienter; and (2) disregarded Second Circuit law regarding the pleading standard under the PSLRA.

Defendants have not established "clear error" in this Court's scienter analysis. Defendants raised the same scienter arguments in their motion to dismiss briefs and at oral argument. *See* Tr.

---

[2] Not once in the AC does the phrase "scheme liability" appear.
[3] Notably, this Court also heard argument on Plaintiffs' improperly pleaded claims at oral argument. *See* Transcript of Proceedings ("Tr"), ECF No. 133 at 31:18-36:9; 39:2-41:17.

Second Circuit case law was not disregarded. In *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196 (2d Cir. 2008), plaintiffs alleged scienter by claiming, *inter alia*, that defendants had "access to 'collection data.'" The Second Circuit held that the plaintiffs "broad reference to raw data" lacked even an allegation that the "data had been collected into reports that demonstrated that loan origination practices were undermining the collateral's performance." *Id.* Here, Plaintiffs' allegations, which were not references to raw data, contained the specificity *Teamsters* requires. As the Sept. 30 Order details, Plaintiffs alleged "site visits of the LATAM assets", meeting with "local authorized representatives," "due diligence concerning LATAM assets," and access to the data room, which contained financial statements and forecasts for the LATAM assets. (Sept. 30 Order at 18.) Those allegations plausibly allege scienter under the Second Circuit standard. Thus, Defendants' motion for reconsideration is DENIED.

## IV.  CONCLUSION

Plaintiffs' motion for reconsideration, (ECF No. 139), is DENIED. Defendants' motion for reconsideration, (ECF No. 142), is DENIED. Plaintiffs are granted leave to seek to amend their Amended Complaint (ECF No. 81), by letter application with a proposed second amended complaint attached. The Clerk of the Court is directed to close the motions accordingly.

Dated: New York, New York
September 28, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4