UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APHRIA, INC. SECURITIES LITIGATION | Case No. 18 Civ. 11376 (GBD) |

**[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation, and any third party, shall have the right to designate as "Confidential" and subject to this Order any testimony, information, document, or thing, or portion of any testimony, information, document, or thing: (a) that contains competitively sensitive trade secrets, technical, marketing, financial, sales, or other confidential, proprietary, or business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY AND PROTECTIVE ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any testimony, information, document, or thing, or portion of any testimony, information, document or thing that contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual

- 1 -

- 2 -

or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY AND PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

3. All documents, depositions, and other materials produced or provided in connection with discovery in this action shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or any other purpose, and shall not be disclosed by the receiving party except as necessary for the prosecution or defense of this action and, if the materials are designated Confidential or Attorneys Eyes Only, subject to the additional restrictions provided herein. It is, however, understood that counsel for a party may give advice and opinions to their client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    (a) Outside counsel (defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties, if any;

- 3 -

      (b)    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      (c)    Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

      (d)    The Court before which this action is proceeding and that Court's personnel;

      (e)    Any deponent in this action may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure. Additionally, any deponent may be examined about any information, documents, or things designated Confidential, provided that such person has been given a copy of the Order, informed of the restrictions on use and disclosure imposed by this Order, and the witness and his or her counsel do not retain copies of Confidential material.

      (f)    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

      (g)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h) The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. All deposition transcripts, exhibits thereto, and videotapes of such depositions taken in the action shall initially be treated as "Attorneys' Eyes Only" pursuant to this Order for thirty (30) days following receipt of the final deposition transcript. At the time of the deposition, or within thirty (30) days after receipt of the final deposition transcript, a party may designate as Confidential or Attorneys' Eyes Only specific portions of the transcript, exhibits, and any videotape. This designation shall be in writing and served upon counsel of record. Any portions of a transcript, exhibit, or video designated as Confidential or Attorneys' Eyes Only shall thereafter be treated in accordance with this Order.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with Local Civil Rule 37.2. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorney's Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified

by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality and Protective Order.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with the applicable provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure, provided the receiving party has returned or destroyed all material identified by the producing party as inadvertently produced.

12. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality and Protective Order.

13. This Confidentiality and Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality and Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

14. This Confidentiality and Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15. Within forty-five (45) days of the final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to return to the originating source or destroy all documents and things containing Confidential or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all final transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Confidentiality and Protective Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

DATED:  2/24/2022

_____
THE HONORABLE JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AND PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read, and understand, the provisions of the Confidentiality and Protective Order executed by the Court in this case, and I will comply with all provisions of the Confidentiality and Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality and Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   _____