UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE APHRIA, INC. SECURITIES
LITIGATION

**ORDER**

18-CV-11376 (GBD) (JW)

-----------------------------------------------------------------X

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

## I. BACKGROUND

Plaintiff requested the conference to compel deposition transcripts taken of the Defendants Neufeld, Merton, and former Defendant Cacciavillani in a related Ontario lawsuit. Dkt. Nos. 241, 245. Defendants argue that Ontario law forbids the disclosure, the requested transcripts include irrelevant information, and even if the transcripts are to be produced, the irrelevant information should be redacted. Dkt. Nos. 242, 246. The Court received a supplemental briefing and heard oral argument. Dkt. Nos. 245–248.

## II. LEGAL STANDARDS

### 1. Conflicts of Laws

To determine "whether foreign law stands as a bar to discovery, the party opposing production **bears the burden of proving what that law is** and demonstrating why it impedes production." S.E.C. v. Gibraltar Glob. Secs., Inc., No. 13-cv-2575 (GBD) (JCF), 2015 WL 1514746 at *2 (S.D.N.Y. Apr. 1, 2015) (collecting cases)(emphasis added). If a conflict is found, the Court must then perform a comity analysis using several factors.

Five of those factors come from the U.S. Supreme Court's decision in Société Nationale Industrielle Aérospatiale v. U.S. District Court for the Southern District of Iowa, 482 U.S. 522 (1987):"(1) The importance to the ... litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." Id. at 544 n. 28.

In First Am. Corp. v. Price Waterhouse LLP, 154 F.3d 16 (2d Cir. 1998), the Second Circuit identified two other considerations to be factored into the comity query: "(6) [T]he hardship that compliance would impose on the party or witness from whom discovery is sought" and (7) "the good faith of the party resisting discovery." Id. at 22.

Generally, the most important factors are "the competing interests of the countries involved and the hardship imposed by compliance." In re Commodity Exch., Inc., Nos. 14-md-2548 (VEC) and 14-mc-2548 (VEC), 2019 WL 1988525, at *2 (S.D.N.Y. May 6, 2019) (quoting Minpeco, S.A. v. Conticommodity Servs., Inc., 116 F.R.D. 517, 522 (S.D.N.Y. 1987)).

**2. Ontario Law**

Defendants argue that under a direct application of Ontario Rule 30.1 disclosure is prohibited. Dkt. No. 246. The text of Rule 30.1 states:

2

**RULE 30.1  DEEMED UNDERTAKING**

Application
30.1.01
(1) This Rule applies to,
    (a)  evidence obtained under,
        (i)  Rule 30 (documentary discovery),
        (ii)  **Rule 31 (examination for discovery),**
        (iii)  Rule 32 (inspection of property),
        (iv)  Rule 33 (medical examination),
        (v)  Rule 35 (examination for discovery by written questions); and
    (b)  information obtained from evidence referred to in clause (a).  O. Reg. 61/96, s. 2; O. Reg. 627/98, s. 3.
(2) This Rule does not apply to evidence or information obtained otherwise than under the rules referred to in subrule (1).  O. Reg. 61/96, s. 2.

*Deemed Undertaking*

(3) All parties and their lawyers are deemed to undertake **not to use evidence or information to which this Rule applies for any purposes other than those of the proceeding in which the evidence was obtained**.  O. Reg. 61/96, s. 2; O. Reg. 575/07, s. 4.
    *Exceptions*
    (4) Subrule (3) does not prohibit a use to which the person who disclosed the evidence consents.  O. Reg. 61/96, s. 2.
    (5) Subrule (3) does not prohibit the use, for any purpose, of,
        (a)  evidence that is filed with the court;
        (b)  evidence that is given or referred to during a hearing;
        (c)  information obtained from evidence referred to in clause (a) or (b).  O. Reg. 61/96, s. 2.
    (6) **Subrule (3) does not prohibit the use of evidence obtained in one proceeding, or information obtained from such evidence, to impeach the testimony of a witness in another proceeding**.  O. Reg. 61/96, s. 2.
    (7) Subrule (3) does not prohibit the use of evidence or information in accordance with subrule 31.11 (8) (subsequent action).  O. Reg. 61/96, s. 2.

    *Order that Undertaking does not Apply*
    (8) **If satisfied that the interest of justice outweighs any prejudice that would result to a party who disclosed evidence, the court may order that subrule (3) does not apply** to the evidence or to information obtained from it, and may impose such terms and give such directions as are just.  O. Reg. 61/96, s. 2; O. Reg. 263/03, s. 3.
    (emphasis added)

The text of the Rule includes exceptions for impeaching witnesses and for producing otherwise prohibited discovery if "the interest of justice" requires the production.  See Kitchenham v. Axa Insurance Canada, 2008 ONCA 877 (CanLII); TOMSON et al v. JACKSON et al, 2018 ONSC 2155 (CanLII)(citing Riley v. Tarantello, 2010 ONSC 2122; David v. Tangri, 2017 ONSC 5361; and Antongiovanni v. Phung, [2001] O.T.C. 907 (Ont. S.C.)).

Plaintiffs argue these exceptions mean there is no conflict between Ontario law and the Federal Rules of Civil procedure. Dkt. No. 245. Defendants argue that Plaintiffs' proposed interpretation of the exception would "swallow the rule." Dkt. No. 246 at 7.

## III. DISCUSSION

**1. Defendants Concede Portions of the Transcripts Are Relevant**

Defendants repeatedly conceded that "there's certainly things in these transcripts that are relevant." Dkt. No. 250 at 10 and 57. Furthermore, the Court agrees with Plaintiffs that "in paragraphs 163-167 of their Complaint, Plaintiffs allege that Neufeld, Andrew DeFrancesco, and other Aphria insiders engaged in a series of transactions designed to enrich themselves at the expense of Aphria shareholders." Dkt. No. 245 at 3. Plaintiffs alleged "Neufeld, Merton, Cacciavillani, and Cervini all had undisclosed interests in the Nuuvera deal… Therefore, Aphria and the board were aware that Neufeld, Cacciavillani, and Cervini had previously undisclosed interests in transactions entered into by Aphria with the assistance and/or participation of DeFrancesco-related entities just months before these same

individuals orchestrated a scheme that included omitting undisclosed interests and conflicts of interesting concerning the LATAM Assets." Dkt. No. 81 at ¶163–167.

Therefore, the transcripts are relevant.

## 2. Defendants Have Not Carried Their Burden to Demonstrate Ontario Rule 30.1 Blocks the Requested Discovery

First, neither Party submitted declarations, expert testimony, or anything else that definitively demonstrates how Ontario Rule 30.1 and its exceptions would apply to the facts of this case. Without such materials, Ontario Rule 30.1 and Canadian case law would need to be extremely clear.

Second, a cursory review of Ontario law suggests that "the primary rationale" behind Rule 30.1 "is the protection of privacy." See Raul Lince-Mancilla et al. v. Ricardo Garcia et al., 2013 ONSC 1388 (CanLII); see also Bluewater Health v. Kaila, 2012 ONCA 629 (CanLII). As Defendants concede, there are no privacy interests at stake here. Dkt. No. 250 at 20 ("we haven't raised a privacy concern.").

Third, an Ontario court "may order that [Rule 30.1] does not apply…if satisfied that the interest of justice outweighs any prejudice that would result to a party who disclosed evidence." See Kitchenham v. Axa Insurance Canada, 2008 ONCA 877 (CanLII). The Canadian Supreme Court has advised that under this exception, "where discovery material in one action is sought to be used in another action with the same or similar parties and the same or similar issues, the prejudice to the examinee is virtually non-existent, and leave will generally be granted." See Juman v. Doucette, 2008 SCC 8 (CanLII). Thus, Rule 30.1 may not block the discovery sought

5

here, as a Canadian court may permit the production of the transcripts under this exemption as well.

Fourth, there are "a number of cases that have held that production of transcripts from an earlier proceeding is appropriate particularly to impeach" a witness. See TOMSON et al v. JACKSON et al, 2018 ONSC 2155 (CanLII)(citing Riley v. Tarantello, 2010 ONSC 2122; David v. Tangri, 2017 ONSC 5361; and Antongiovanni v. Phung, [2001] O.T.C. 907 (Ont. S.C.)); see also Juman, 2008 SCC at ¶41. Therefore, there is an additional avenue for permitting the production of the transcripts, as Rule 30.1 would not block their production if the transcripts were used for impeachment purposes.

Therefore, Defendants have failed to carry their "burden of proving what that law is and demonstrating why it impedes production." Gibraltar, 2015 WL 1514746 at *2 (collecting cases). Without a demonstrable conflict, no comity analysis is necessary. See Yukos Capital S.A.R.L. v. Samaraneftegaz, 592 F. App'x 28, 29 (2d Cir.2015) ("International comity comes into play only when there is a true conflict between American law and that of a foreign jurisdiction,"); In re Maxwell Communication Corp., 93 F.3d 1036, 1049 (2d Cir.1996)); Eikenberry v. Celsteel Ltd., No. 13 Civ. 4661, 2013 WL 5308028, at *5 (S.D.N.Y. Sept.19, 2013).

### 3. Courts Disfavor Relevancy Redactions

Defendants provided cases that permitted relevancy redactions but conceded the cases cited were about the redaction of entire documents, not portions of transcripts. Dkt. No. 250 at 23. Also, the case cited by the Defendants, Kaiser

Aluminum Warrick, LLC v. US Magnesium LLC, 2023 WL 2482933 (S.D.N.Y., 2023), while permitting relevance redactions, also noted that the redacted information was "competitively sensitive" and contained "detailed financial information, results of research on competitors in the market, and reports on segments of the business unrelated to…operations." Id. at *1. As discussed, above, Defendants "haven't raised a privacy concern." Dkt. No. 250 at 20.

Even if Defendants are correct, and most of the transcript is irrelevant, transcripts often contain much irrelevant information, and as Plaintiff argues, "courts routinely find[] no reason to depart from the general rule that relevance redactions are improper" because "such redactions breed suspicions and deprive the reader of context." See Christine Asia Co. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018).

Therefore, the request to redact irrelevant portions of the transcript is DENIED.

### 4. Former Defendant Cacciavillani

Defendants object to providing the transcripts for former defendant Cacciavillani since he was dismissed from this case for lack of personal jurisdiction. Plaintiffs counter that the transcripts are in the possession of Defendants and, therefore, Defendants must produce the transcripts regardless of whether Cacciavillani is part of the case.

Plaintiffs are correct. Even if Cacciavillani is no longer a named Defendant, as the transcripts are relevant, if the transcripts are in the possession of Defendants, they must be produced.

## IV. CONCLUSION

Therefore, Plaintiffs' request to compel production of the transcripts is GRANTED. Defendants' request to redact portions of the transcript is DENIED.

SO ORDERED.

Dated: New York, New York
September 27, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge